**EDGAR RICE BURROUGHS, INC. et al.**

v.

**CHARLTON PUBLICATIONS, INC. et al.**

**No. 64 Civ. 3743.**

United States District Court
S. D. New York.

Feb. 10, 1965.

Cowan, Liebowitz & Latman, New York City, for plaintiffs; Alan Latman, Marvin S. Cowan, New York City, O'Melveny & Myers, Robert M. Hodes, Los Angeles, Cal., of counsel.

Eastman & Da Silva, New York City, for defendants; Lee V. Eastman, New York City, of counsel.

SUGARMAN, District Judge.

Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L. Ed.2d 661 and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669, upon which movants rely on this motion to dismiss the fourth count of the complaint, recognize that a state may, in appropriate circumstances require that precautionary steps be taken to prevent customers from being misled or confused as to the source of the goods.

The fourth count *inter alia* charges that defendants' publications were "calculated to and did represent, suggest and imply falsely and fraudulently (a) that the character and characterization of "TARZAN" and the stories in which said character appeared were, or included, the literary efforts of Edgar Rice Burroughs or (b) plaintiffs' association, sponsorship or connection with defendants' said publications * * *" thereby "deceiving, misleading and confusing the public".

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

The motion is denied.

It is so ordered. No further order is necessary.